UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Pa Houa Vue,

                Plaintiff,

        v.

Ramsey County Health and Wellness,

        and

Jodi Harpstead, Commissioner of the
Minnesota Department of Human Services.

                Defendants.

**COMPLAINT**

Case Number:

---

## COMPLAINT

Plaintiff Pa Houa Vue is a low-income single mother caring for three minor children. She has experienced years of emotional and financial abuse by her cultural husband. In July 2022 she learned that she owes Ramsey County Health and Wellness $38,101 in overpaid Supplemental Nutrition Assistance Program ("SNAP") benefits. Ms. Vue was overpaid SNAP benefits because she lives in a home owned by her cultural husband and the father of her children, but because he does not live in the home or financially support her and her children, she did not include him as a household member for her SNAP benefits. Ms. Vue lives on a fixed income and cannot afford to repay the entire SNAP overpayment amount. She has requested that Ramsey County Health and Wellness review her financial situation and determine whether they are able to reduce the

1

overpayment to an amount she can reasonably repay over time, as permitted by 7 CFR § 273.18(e)(3)(iv)(M). Ramsey County Health and Wellness has stated that they have received no guidance from the Minnesota Department of Human Services on how to process requests to reduce SNAP overpayments as a result of financial hardship, do not know if they have authority to act on Ms. Vue's request, and therefore will not review Ms. Vue's request.

Ms. Vue seeks a declaration that Ramsey County Health and Wellness and the Minnesota Department of Human services have violated her rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution by failing to take any action on her request to reduce her SNAP overpayment. Ms. Vue seeks injunctive relief requiring Ramsey County Health and Wellness to act on her request to reduce her $38,101 SNAP overpayment, which she cannot repay as a result of financial hardship. Ms. Vue is also seeking injunctive relief requiring the Minnesota Department of Human Services to create policies and procedures which provide guidance for counties to process requests to reduce SNAP overpayments, such as Ms. Vue's request.

## **PARTIES**

1. Plaintiff Pa Houa Vue is a resident of Saint Paul, Minnesota in Ramsey County and a former recipient of SNAP benefits administered by Ramsey County Health and Wellness.

2. Defendant Ramsey County Health and Wellness ("Ramsey County") is a local government agency which administers SNAP benefits to eligible Ramsey County residents on behalf of the Minnesota Department of Human Services according to

       policies and procedures established by the Minnesota Department of Human Services. Ramsey County is located at 160 East Kellogg Blvd, Saint Paul, Minnesota, 55101.

3. Defendant Jodi Harpstead is the Commissioner of the Minnesota Department of Human Services ("MN DHS") and is responsible for managing the SNAP benefit program for the state of Minnesota according to federal statute and regulations. Commissioner Harpstead delegates the process of administering SNAP benefits to Minnesota counties. Commissioner Harpstead develops policies and procedures, in compliance with federal statute and regulations, which guide the counties in administering benefits. Commissioner Harpstead is sued in her official capacity. MN DHS is located at 444 Lafayette Road, St. Paul, MN 55155.

## JURISDICTION

4. This Court has Jurisdiction over the federal question and violations of federal law alleged herein under 28 U.S.C. § 1331.

5. This Court has jurisdiction over plaintiff's civil rights claim under 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

6. Plaintiff's civil rights claim is authorized by 42 U.S.C. §1983.

7. Plaintiff's request for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

8. Plaintiff's claims arise in the State of Minnesota, so venue lies in this District Court pursuant to 28 U.S.C. §1391.

## **STATEMENT OF THE CLAIM**

**SNAP Program and Overpayments**

9. The purpose of SNAP is to alleviate hunger and malnutrition by permitting "low-income households to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power for all eligible household who apply for participation." 7 U.S.C. § 2011. MN DHS administers SNAP for the state of Minnesota.

10. Federal statute grants the Department of Agriculture the power to determine the amount of, and settle or compromise, claims arising from nonfraudulent and fraudulent over issuances of SNAP benefits, as well as the ability to delegate these powers to state agencies. 7 U.S.C. § 2022(a)(1).

11. State agencies collect any over issuances of benefits issued to a household by (a) reducing the allotment of the household (if they still received benefits); (b) withholding amounts from unemployment compensation; (c) recovering from federal pay or federal income tax refunds; or (d) any other means. 7 U.S.C. § 2022(b)(1).

12. Federal regulation delegates to state agencies the ability to "reduce any part of the claim if the agency believes that the household is not able to repay the claim." 7 CFR § 273.18(e)(3)(iv)(M). State agencies also have the power to "make a written agreement to repay the amount of the claim prior to it being referred for Federal collection action." 7 CFR § 273.18(e)(3)(iv)(K).

13. When a SNAP overpayment is established, state agencies must send the overpaid recipient a notice of adverse action which includes language informing the individual of the amount and type of overpayment, appeal rights, and the state's ability to settle and compromise the overpayment. 7 CFR § 273.18(e)(3)(iv).

**Pa Houa Vue**

14. Pa Houa Vue is a Hmong-speaking immigrant. She speaks very limited English. She is not able to read or write effectively in any language other than Hmong.

15. Ms. Vue is a single mother of eleven children. Three of those children — ages 12, 16, and 17 — currently live with her. One other child is 18 years old and goes to college. The other seven are all adults and live in Milwaukee, Wisconsin. Two of the three minor children living with her work part-time but do not pay for household expenses as their earnings are small.

16. Ms. Vue was culturally married to Vong Moua in 2002. They have been separated since 2017, although Mr. Moua would intermittently stay with her throughout 2016-2017. In 2017, Mr. Moua stopped staying with her, after he began a relationship with another woman.

17. Since 2016, Ms. Vue has been living in a home purchased by Mr. Moua. He does not live in the home. Since 2016, Ms. Vue pays about $300 a month to Mr. Moua as a mortgage payment. She also pays about $200 a month in utilities.

18. Mr. Moua provides no financial assistance to Ms. Vue. They did have a joint checking account open which has been closed for several months. Ms. Vue pays for Mr. Moua and two of their kids' car insurance, along with her own, totaling

$700 a month. Mr. Moua used to reimburse Ms. Vue for this expense via their joint account. Mr. Moua closed the account and stopped reimbursement for the car insurance.

19. Ms. Vue works about 56 hours a week. She works as a Personal Care Assistant (PCA) at Sunlight Home Healthcare, caring for disabled elderly residents. She has worked as a PCA for about three years. For the majority of the past year, she has worked about 24 hours a week, earning 14 dollars an hour. She recently switched to the night shift, and is now working 32 hours a week, earning 16 dollars an hour. Ms. Vue also works about 24 hours a week as a clerk for her brother and her sister-in-law's shop, HmongTown. She gets paid a reduced amount of $600 a month, as she owes them $1800 for a private loan.

20. Ms. Vue has been threatened with eviction by Mr. Moua on several occasions. Upon learning about the overpayment assessment, he told her that he only cares about his children, and that he does not care if she goes to prison.

21. In October 2012, Ms. Vue applied for SNAP benefits in Ramsey County to get financial assistance for buying food for her and her children.

22. Ms. Vue did not list Mr. Moua as a member of her household and did not provide his income. Ms. Vue did not consider Mr. Moua as a part of her household because he did not consistently live with her and her children. He told her not to put his name in the application form, because he did not need financial assistance. She did not report his income because he was not financially assisting the family and she did not have precise knowledge of his income.

**SNAP Overpayment and Request for Compromise**

23. On June 2, 2022, Ramsey County sent Ms. Vue a notice informing her that she had been overpaid $38,101 in SNAP benefits between January 2017 and September 2021. The County found that Ms. Vue failed to include Mr. Moua in her household, and that with his income, she would not have been eligible for benefits.

24. The notice said she had also been overpaid $66,746 in Minnesota Family Investment Program ("MFIP") benefits between October 2012-Decemeber 2016 and $2,683 in SNAP between October 2012-July 2014. Ramsey County removed these two overpayments on July 6, 2022 due to the expiration of the statute of limitations allowing the county to collect the overpayments. 7 CFR § 273.18; Minn. Stat. § 256P.08, subd. 2(b) (limiting establishment of overpayment to six years prior to month of discovery).

25. On June 17, 2022, Ms. Vue filed an appeal of her SNAP overpayment pursuant to § 256.045, subd. 3(a).

26. On July 13, 2022, Ms. Vue's attorney, Christopher D'Silva, asked that Ramsey County reduce Ms. Vue's $38,101 overpayment to an amount that Ms. Vue can reasonably afford to pay due to her financial hardship.

27. Ramsey County responded that they are unable to lower the overpayment because SNAP is a federal program, and it has no leeway to lower the overpayment amount.

28. Mr. D'Silva responded by pointing out that reduction of a SNAP overpayment as a result of financial is permitted by 7 CFR § 273.18(e)(3)(iv)(M). The County responded that it will not reduce the overpayment. The county completed no evaluation of Ms. Vue's ability to pay the claim: her income, expenses, and debts were not looked at.

**Fair Hearing**

29. On August 8, 2022, a fair hearing was held. Ms. Vue did not argue the validity of the overpayment but requested that Ramsey County review Ms. Vue's claim of financial hardship and determine whether they could reduce the overpayment as a result of her financial hardship.

30. On August 12, 2022, Ms. Vue submitted a memorandum requesting that Ramsey County evaluate her financial condition and form a belief on her ability to pay before finalizing the payment amount.

31. On August 18, 2022, Ramsey County submitted a responsive memorandum, stating that MN DHS has not provided guidance on how to respond to requests to reduce a SNAP overpayment as a result of financial hardship, so it is unclear how to, or if they have authority to, act on Ms. Vue's request.

32. On September 1, 2022, the HSJ issued an order that denied Ms. Vue's requests for an evaluation of her financial condition and ability to repay the claim. The HSJ found that 7 CFR § 273.18(e)(3)(iv)(M) is permissive and does not require Ramsey County to take any action on Ms. Vue's request to reduce her overpayment.

**Request for Reconsideration**

33. On October 1, 2022, Ms. Vue filed a Request for Reconsideration to the Director of the Appeals Division.

34. Ms. Vue argued that the Human Services Judge's order both mischaracterized her request for relief and was a clear error of law.

35. Ramsey County also filed a request for reconsideration, asking that the HSJ seek comment from MN DHS on how requests to reduce SNAP overpayments as a result of financial hardship should be dealt with by counties.

36. On October 28, 2022, the Director denied both Ms. Vue and Ramsey County's Request for Reconsideration.

## CLAIMS FOR RELIEF

### Violation of the Due Process Clause of the Fourteenth Amendment

37. Ms. Vue realleges and incorporates herein all proceeding paragraphs.

38. Ms. Vue states a claim for relief for Defendants' violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which is actionable pursuant to 42 USC § 1983.

39. Ms. Vue has a property interest protected by the Fourteenth Amendment of the United States Constitution in SNAP benefits and in the cash equivalent that Ramsey County attempts to collect as repayment of an overpayment of SNAP benefits. *See Atkins v. Parker,* 472 U.S. 115, 128 (1985); *Bliek v. Palmer*, 102 F.3d 1472, 1475 (8th Cir. 1997).

40. Defendants are "persons" under 42 USC § 1983.

41. Defendants acted "under color" of state law, under 42 USC § 1983.

42. Defendant Ramsey County failed to act on Ms. Vue's request to reduce her SNAP overpayment as a result of financial hardship. Ramsey County did not take any action on Ms. Vue's request, stating that due to the lack of guidance from MN DHS on how to respond to such a request, Ramsey County is unsure how or if they can respond to the request. Instead, Ramsey County effectively ignored Ms. Vue's request. In doing so, Defendant Ramsey Count violated Ms. Vue's due process rights.

43. Defendant Jodi Harpstead, Commissioner of MN DHS, has failed to establish any policies or procedures to implement 7 CFR § 273.18(e)(3)(iv)(M), and guide county agencies on how to address recipient requests to reduce their SNAP overpayment as a result of financial hardship. As a result of Commissioner Harpstead's lack of policies and procedures Ms. Vue's request to reduce her SNAP overpayment as a result of financial hardship was not processed and was ignored by Defendant Ramsey County. In failing to establish any policies or procedures to guide Ramsey County in processing Ms. Vue's request, Defendant Commissioner Harpstead violated Ms. Vue's due process rights.

44. Defendant Ramsey County also failed to establish any policies or procedures to implement 7 CFR § 273.18(e)(3)(iv)(M). Ramsey County is a "state agency" as defined by 7 C.F.R. § 283.3, and has a duty independent of MN DHS to ensure that a procedure is in place to process a recipient's request to reduce a SNAP overpayment as a result of financial hardship. In failing to establish any procedure

to process Ms. Vue's request, Defendant Ramsey County violated Ms. Vue's due process rights.

45. Ms. Vue has been harmed and will continue to be harmed by Defendants' failure to act on Ms. Vue's request to reduce her SNAP overpayment as a result of financial hardship and is entitled to injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Pa Houa Vue requests that this Court:

(a) Assume jurisdiction over this matter;

(b) Enter a declaratory judgement in accordance with 28 U.S.C §§ 2201 and 2202 and Fed. R. Civ. P. 57, declaring that Defendant Commissioner Harpstead's failure to establish a policy and procedure for counties to follow when a recipient asks to reduce a SNAP overpayment as a result of financial hardship violates Ms. Vue's right to due process pursuant to the Fourteenth Amendment of the United States Constitution;

(c) Enter a declaratory judgement in accordance with 28 U.S.C §§ 2201 and 2202 and Fed. R. Civ. P. 57, declaring that Defendant Ramsey County's failure to establish a policy and procedure to process a recipient's request to reduce a SNAP overpayment as a result of financial hardship violates Ms. Vue's right to due process pursuant to the Fourteenth Amendment of the United States Constitution;

(d) Enter a declaratory judgment, in accordance with 28 U.S.C §§ 2201 and 2202 and Fed. R. Civ. P. 57, declaring that Defendant Ramsey County's failure to

act on Ms. Vue's request to reduce her SNAP overpayment due to financial hardship violates Ms. Vue's right to due process pursuant to the Fourteenth Amendment of the United States Constitution;

(e) Issue a permanent injunction ordering Defendant Commissioner Harpstead to develop a policy and procedure for responding to recipient requests to reduce SNAP overpayments as a result of financial hardship;

(f) Issue a permanent injunction ordering Defendant Ramsey County to develop a policy and procedure for responding to recipient requests to reduce SNAP overpayments as a result of financial hardship;

(g) Issue a permanent injunction ordering Defendant Ramsey County to reduce Ms. Vue's overpayment as a result of financial hardship, or alternatively, to review Ms. Vue's financial situation and issue a written decision regarding Ms. Vue's request to reduce her overpayment;

(h) Enter a judgment for costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

(i) Grant such other and further relief as it may deem just and equitable.

Respectfully submitted,

Dated: January 12, 2023

    SOUTHERN MINNESOTA
    REGIONAL LEGAL SERVICES

    */s/Christopher D'Silva*
    Christopher D'Silva, MND Bar #040054

    55 East Fifth Street, Suite 400

Saint Paul, MN 55101
Phone: (651) 894-6919
Fax: (651) 894-6919
Email: christopher.dsilva@smrls.org

*/s/Brianna Boone*
Brianna Boone, MND Bar # 397388

55 East Fifth Street, Suite 400
Saint Paul, MN 55101
Phone: (651) 894-6942
Fax: (651) 894-6942
Email: brianna.boone@smrls.org

*ATTORNEYS FOR PLAINTIFF*