```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
             CIVIL NO. 23-97(DSD/JFD)
```

Pa Houa Vue,

        Plaintiff,

v.                                             **ORDER**

Ramsey County Health and Wellness,

and

Jodi Harpstead, Commissioner of the
Minnesota Department of Human
Services,

        Defendants.

        Christopher D'Silva, Esq. and Southern Minnesota Regional Legal Services, 55 East Fifth Street, Suite 400, Saint Paul, MN 55101, counsel for plaintiff.

        Rebecca J. Krystosek, Ramsey County Attorney's Office, 121 Seventh Place East, Suite 4500, Saint Paul, MN 55101, counsel for defendant Ramsey County Health and Wellness.

        Emily B. Anderson, Office of the Minnesota Attorney General, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55101, counsel for defendant Jodi Harpstead.

        This matter is before the court upon the motions to dismiss by defendants Ramsey County Health and Wellness (Ramsey County) and Jodi Harpstead, Commissioner of the Minnesota Department of Human Services (Commissioner). Based on a review of the file, record, and proceedings herein, and for the following reasons, the motions are granted.

**BACKGROUND**

This procedural due process dispute arises from Ramsey County's acknowledged overpayment of Supplemental Nutrition Assistance Program (SNAP) benefits to plaintiff Pa Houa Vue.

Vue is a Hmong-speaking immigrant with limited ability to speak English. Am. Compl. ¶ 16. She was culturally married to Vong Moua from 2002 until approximately 2017. Id. ¶ 18. Moua lived with Vue and her eleven children until 2016 or 2017. Id. ¶¶ 17-18. Vue has lived in a home owned by Moua since 2016 and she pays him rent and utility costs each month. Id. ¶ 19. Moua does not provide financial assistance to Vue or her children. Id. ¶ 20. Vue works two jobs to care for her family. Id. ¶ 21.

In 2012, Vue applied for SNAP benefits in Ramsey County to allow her to buy food for her and her children. Id. ¶ 24. She did not list Moua as a member of her household on the application, nor did she include has income on the application, because he no longer lived with her consistently at that time. Id. ¶ 25. In June 2022, Ramsey County notified Vue that she had been overpaid $38,101 in SNAP benefits. Id. ¶ 26. Ramsey County explained that Vue failed to include Moua's income on the application, which would have made her ineligible for SNAP benefits. Id. Ramsey County also told Vue that she had been overpaid $66,746 in Minnesota Family Investment Program (MFIP) benefits between October 2012 and

December 2016, and $2,683 in SNAP benefits between October 2012 and July 2014. Id. ¶ 27. Ramsey County later acknowledged that the two latter payments could not be recovered because the statute of limitations had expired. Id. As a result, the amount at issue is $38,101, incurred between January 2017 and September 2021. Id. ¶¶ 26-27. Vue does not dispute that this amount is a legitimate overpayment of SNAP benefits.

The notice stated that the overpayment claim may be reduced if Ramsey County believes that Vue is unable to pay the debt due to extreme financial hardship. Id. ¶ 28. Vue filed an appeal on June 17, 2022. Id. ¶ 29. One month later, with the assistance of counsel, Vue requested that Ramsey County review her financial status to determine whether the amount owed should be reduced. Id. ¶ 30. In response, Ramsey County denied that it had the authority to lower the overpayment amount given that SNAP is a federal program. Id. ¶ 31. Vue's counsel then noted that federal law expressly permits counties to reduce SNAP overpayment obligations, and requested that the county assess Vue's financial situation to determine whether a reduced payment is warranted. Id. ¶ 32; see 7 C.F.R. § 273.18(e)(7)(i) ("As a State agency, you may compromise a claim or any portion of a claim if it can be reasonably determined that a household's economic circumstances

3

dictate that the claim will not be paid in three years."). Vue's counsel also offered to settle the amount owed so that she could avoid a delinquent debt and interception of any federal tax refunds she may be owed in the future. Id. ¶ 33. Ramsey County responded that it would allow repayment on a monthly basis to be complete within three to five years. Id. This proposed solution was not financially feasible for Vue, however. Id.

On August 8, 2022, Ramsey County held a fairness hearing before a human services judge (HSJ) during which Vue did not dispute the amount owed. Id. ¶ 34. She asked again that the county review her claim of financial hardship. Id. After the hearing, Vue submitted a brief requesting a financial hardship determination from the county. Id. ¶ 35. According to Vue, the county responded that the Minnesota Department of Human Services (DHS) has provided no guidance as to how to reduce overpaid SNAP benefits based on financial hardship. Id. ¶ 36. The HSJ denied Vue's request, determining that 7 C.F.R. § 273.18(e)(7)(i) is permissive and therefore does not obligate the county to settle overpaid claims or review Vue's financial situation. Id. ¶ 37.

Vue unsuccessfully requested reconsideration from the appeals division. Id. ¶¶ 38, 41. Ramsey County also requested reconsideration, specifically seeking guidance as to how to handle

4

and implement 7 C.F.R. § 273.18(e)(7)(i). Id. ¶ 40. The appeals division denied both requests. Id. ¶ 41. Although she could have done so, Vue did not appeal the decision to the Ramsey County District Court. See Minn. Stat. § 256.045, subdiv. 9.

Vue's debt became delinquent on April 26, 2023, and under the federal Treasury Offset Program (TOP), defendants were then obligated to refer Vue's debt to the TOP. Id. ¶ 45; see 7 C.F.R. § 273.18(n)(1)(i)("As a State agency, you must refer to TOP all recipient claims that are delinquent for 180 or more days."). At that point, TOP may engage in collection efforts, which may include interception of federal tax refunds and/or the reduction of future SNAP or social security benefits. Id. ¶ 46. Any such action would be federal in nature and would not involve Ramsey County or DHS.

On January 12, 2023, Vue commenced this action alleging that defendants violated her due process rights under the Fourteenth Amendment by denying her requests to reduce the reduce the amount she must repay to Ramsey County in overpaid SNAP benefits and failing to assess her claimed financial hardship. Vue specifically alleges that her property rights were violated because defendants did not develop or implement a policy in which she could meaningfully seek to have the amount she must repay

reduced due to financial hardship. She contends that the lack of policies in this regard caused her SNAP overpayment debt to become delinquent, thus resulting in likely federal collection efforts.

On April 12, 2023, Vue filed an amended complaint alleging the same claim but adding more specificity to her allegations. She specifically ties her due process claim to her property interest in her anticipated tax refunds, which she claims will be "intercepted to collect the SNAP overpayment." Am. Compl. ¶ 49. She also alleges that the overpayment debt may prevent her from receiving future SNAP benefits and possibly future social security benefits. Id. Vue seeks a declaration that the Commissioner's failure to adopt policies and procedures to address the repayment of overpaid SNAP benefits violated her due process rights; a declaration that Ramsey County's failure to allow her to make a reduced payment due to financial hardship violated her due process rights; a permanent injunction ordering defendants to develop policies and procedures to address the facts at issue; and a permanent injunction ordering Ramsey County to reduce the amount Vue owes. Defendants now move to dismiss.

**DISCUSSION**

**I.  Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II.  Standing**

Defendants first challenge Vue's standing to bring this suit. Article III of the United States Constitution limits the jurisdiction of federal courts to justiciable cases and controversies.  U.S. Const. art. III, § 2; Lujan v. Defenders of

7

Wildlife, 504 U.S. 555, 559-60 (1992). Standing is an "essential and unchanging part of the case-or-controversy requirement of Article III." Lujan, 504 U.S. at 560.

To satisfy Article III standing requirements, Vue must demonstrate:

> 1) [she] has suffered an injury in fact that is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; 2) the injury is fairly traceable to the challenged action of the defendant; and 3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citation omitted). Whether a party has established the three elements of standing is an "inescapable threshold question." Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 799 (8th Cir. 2006). If a plaintiff lacks standing, "the district court has no subject-matter jurisdiction" and the court must dismiss the case. Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002); Fed. R. Civ. P. 12(h)(3).

Defendants argue that Vue lacks standing to pursue her claim because her injury – the possibility that her federal tax refund may be intercepted and future eligibility for SNAP and social security benefits may be denied – is speculative and theoretical. Vue responds that threatened or future injury is sufficient to

confer standing where, as here, the injury is "certainly impending" or there is a "substantial risk that the harm will occur." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014) (internal quotation marks omitted). Although Vue correctly cites the law, the facts as alleged are insufficient establish that her harm is imminent.

Simply put, whether the federal government, through TOP, decides to intercept Vue's tax refund or disallow future requests for other federal benefits is unknown at this time and may be dependent on events yet to unfold. For example, it is unclear whether Vue would even be entitled to a tax refund in the future (even though she says that she has received them historically) or whether she would be in a position to receive federal benefits. Both depend on Vue's particular circumstances at any given time – circumstances that may change. Nor is there any certainty that TOP will pursue collection of the overpaid SNAP benefits. Vue has provided no indication that TOP has done so to date.

Moreover, the potential injury Vue cites is based on action the federal government may take in the future to recoup the overpaid SNAP benefits. As a result, defendants here – both state actors – are not the proper parties should Vue wish to challenge any such action. If TOP pursues recoupment, there is no dispute

that Vue will be entitled to additional processes to appeal any such action. See ECF No. 41, at 26. As such, she will not be without a remedy should the harm she fears come to pass. Under these circumstances, the court cannot conclude that Vue has standing to pursue her claim against defendants.

**III. Ripeness**

Defendants next argue that Vue's claim should be dismissed as premature because she has yet to suffer any consequences from the SNAP overpayment. Specifically, her expected tax refund has not been intercepted, nor has she asked for or been denied future SNAP or other welfare benefits.

A court lacks subject matter jurisdiction over an action if the action is not ripe for resolution. Dakota, Minn. & E. R.R. Corp. v. S.D., 362 F.3d 512, 520 (8th Cir. 2004). The ripeness doctrine derives from Article III's "cases" and "controversies" requirement and "prudential considerations for refusing to exercise jurisdiction." Paraquad, Inc. v. St. Louis Hous. Auth., 259 F.3d 956, 958 (8th Cir. 2001) (quotation omitted). The doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967). In assessing ripeness, a court evaluates "both the

fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Id. at 149; Neb. Pub. Power Dist. v. MidAm. Energy Co., 234 F.3d 1032, 1038 (8th Cir. 2000) (citing Abbott Labs., 387 U.S. at 149). "The touchstone of a ripeness inquiry is whether the harm asserted has 'matured enough to warrant judicial intervention.'" Vogel v. Foth & Van Dyke Assocs., 266 F.3d 838, 840 (8th Cir. 2001) (quoting Paraquad, 259 F.3d at 958)).

For the reasons stated above with respect the standing, the court also finds that the case is not ripe for adjudication. The case is simply not justiciable at this time given that events key to Vue's claim have yet to, and may never, occur. Even if those events occur, the proper process would be to pursue relief from TOP or appropriate federal agency.

In so ruling, the court does not minimize the difficulties Vue has no doubt experienced and hopes that the governmental agencies involved in any potential collection efforts take a careful look at her financial circumstances before imposing any additional hardship on her and her family.

**CONCLUSION**

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1. The motions to dismiss [ECF Nos. 31 and 36] are granted; and

2. The case is dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 16, 2023

                                         s/David S. Doty
                                         David S. Doty, Judge
                                         United States District Court